WELLS (WRIGHT v.). See Case No. 18,- 101.

WELLS v. YATES. See Cases Nos. 17,393 and 17,394.

## Case No. 17,406.

### WELLS et al. v. SHOOK.

[8 Blatchf. 254.] [1]

Circuit Court, S. D. New York. Feb. 18, 1871.

INCOME TAX — RETURNS BY EXPRESS AND STAGE COACH COMPANIES—GROSS RECEIPTS.

1. Under section 9 bis of the act of July 13, 1866 (14 Stat. 147), a company, engaged in the express business, and also in transporting passengers by stage coach, which makes returns of its gross receipts, under section 109 of the act of June 30, 1864 (13 Stat. 277), and is subject to pay duty thereon, under sections 103 and 104 of the last named act, is required to declare, in such returns, whether such gross receipts are stated according to their values in legal tender currency, or according to their values in coined money, and is liable to pay such duty according to the values in coined money when reduced to their equivalent in legal tender currency.

2. The terms, "income or articles or objects charged with an internal tax," in said section of the act of 1866, are comprehensive, and include "gross receipts" of express companies, and "gross receipts" of stage proprietors.

3. "Objects" charged with an internal tax are not necessarily and only objects which are specific, tangible, and material in form, such as goods, or products of growth or manufacture.

[This was an action by Wells, Fargo & Co. against Sheridan Shook, a collector of internal revenue, to recover taxes alleged to have been illegally exacted.]

Grosvenor P. Lowrey, for plaintiffs.
Noah Davis, Dist. Atty., for defendant.

WOODRUFF, Circuit Judge. By section 109 of the act of June 30, 1864, "to provide internal revenue, &c." (13 Stat. 277), any person, company, or corporation, carrying on or doing an express business, is required to make a monthly return of the gross amount of his or their receipts respectively for the month next preceding, to the assistant assessor, &c. By section 104, such person, company, or corporation is declared to be subject to a duty of three per centum on the gross amount of all

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the receipts of such express business. Proprietors of stage coaches are, in like manner, by section 103, chargeable with a duty of two and one-half per centum on their gross receipts. By section 9 bis of the act of July 13, 1866 (14 Stat. 147), in amendment of the previous act of March 10, 1866 (Id. 5), it is declared to be the duty of all persons required to make returns or lists of income or articles or objects charged with an internal tax, to declare, in such returns or lists, whether the several rates and amounts therein contained are stated according to their values in legal tender currency, or according to their values in coined money: and, when stated in coined money, it is declared to be the duty of the assessor to reduce such rates and amounts to their equivalent in legal tender currency, and it is further provided that the lists to be furnished to collectors by assessors, shall, in all cases, contain the several amounts of taxes assessed, estimated or valued in legal tender currency only.

The plaintiffs are engaged in the express business, and have received therein large amounts in coined money and large amounts in legal tender currency. They are also engaged in the transportation of passengers, &c., by stage coach, and therein also have received coined money and legal tender currency. Being thereto required by the assessor of the proper district, but protesting that they were not bound by law so to do, the plaintiffs have made returns of such receipts, discriminating between coin and legal tender currency, and, having refused to pay the tax upon the amount of premium on coin, or excess of value of the coin over the value of the same sum in legal tender currency, the proper officer, clothed with authority from the defendant, as collector, appeared at their place of business, to levy upon their goods, and threatened so to levy, for the collection of the tax upon such premiums, whereupon, protesting that the execution was illegal, and that they were not, by law, chargeable with such tax on premiums, the plaintiffs paid to the defendant the amount, on the 16th of January, 1868, $12,598.52, and brought this action to recover back the same.

It is not insisted that the tax was illegally charged, if lists or returns of the gross amount of receipts, required to be made to the assessor by the above-mentioned section 109 of the act of 1864, and "gross amount of all the receipts of such express business," in section 104, and "gross receipts of such railroad, * * * stage coach, or other vehicle," in section 103, are within the requirement of section 9 bis of the act of 1866, above also cited. This last-named section requires, that "returns or lists of income or articles or objects charged with an internal tax," shall discriminate between receipts in coin and receipts in legal-tender currency. Whatever returns are included within this description, the things or values so returned are subject to the assessment which was made in this case. To that extent, at least, it is conceded the case of Pacific Ins. Co. v. Soule, 7 Wall. [74 U. S.]

433, is conclusive. The supreme court there held, distinctly, that the person receiving income or other moneys subject to tax or duty, in coined money, and making his return under section 9 bis of the act of 1866, is to pay the tax in legal tender currency, and that the difference in value between coined money and legal tender currency must be added to his return when made in coined money, and the tax or duty must be assessed and paid on the amount thus increased. It is, however, here insisted, that the plaintiffs' lists or returns of the gross amount of receipts, or the gross amount of all the receipts of such express business, and gross receipts of their stage coaches, are not included in section 9 bis of the act of 1866; and that the words, "returns or lists of income or articles or objects charged with an internal tax," do not embrace the receipts last named.

The plaintiffs' counsel has sustained the claim of the plaintiffs in this respect with great ingenuity and skill; but I am constrained to regard the words, "objects charged with internal tax," as used in a general sense, as equivalent to "subjects of taxation." It is insisted, with much plausibility, that the word "objects," in the law, has reference to something tangible or having an existence in form; and that, to hold it equivalent to any "entity" or "thing," is to render the two specific words "income" and "articles," surplusage, having no effect. To this it may be answered, that the construction claimed is liable to the same objection; for, if "objects" includes nothing but what is visible and tangible, then it is itself surplusage, for "articles" would include such objects. In lexicography, the word "object" includes whatever is presented to the mind, as well as what may be presented to the senses; whatever, also, is acted upon, or operated upon, affirmatively, or intentionally influenced by anything done, moved, or applied thereto. I do not regard very nice distinctions, in the argument used, or in my reply thereto, as conclusive. A better practical answer is, that the word is comprehensive enough to include the gross receipts of an express company; and, if it were true, that its use in its broad and comprehensive sense, made the word "articles" a redundancy, this is no unusual thing. Reference to the acts of congress imposing duties will disclose abounding redundancy, employed often without the least apparent necessity, and sometimes with evident intent to prevent doubt. Here, lists of "income" had a meaning distinct from gross receipts, "articles" might be deemed to apply to enumerated goods in use or on sale, or produced by manufacture, already specified in the law, and the addition of the word "objects" was to sum up the requirement, by a more general term, which would include what was not embraced in either of the others. Nothing is more common than this use of language.

The case of Pacific Ins. Co. v. Soule [supra], already referred to, clearly involved the same question. The controversy there related to the "premiums," "assessments," "dividends," "undistributed sums" and "income" of that company. The tax assessed and collected on the premiums on coin in which they were received by the company was sustained as legal. Every argument employed in this case was apt to that. No such point was, however, taken by counsel or discussed by the court. It is, therefore, insisted, that the case does not decide the question, so as to be deemed an authority. It may, perhaps, be replied, that the point was not deemed of sufficient doubt to invite discussion.

The review of the other sections of the internal revenue law, presented by counsel, to show that, in those sections, "objects liable to pay any duty or tax" does not include gross receipts, is liable to two suggestions—First, it begs the question; and, second, the distinction between the values which might be returned in coined money and those which were returned in legal tender currency, does not appear to have been the subject of express provision in the act of 1864, but was left to construction.

The manifest justice of the view which I have taken of this subject, and the general policy of the law to make taxation equal in like cases, confirms me in the construction given. No just reason can be given why an express company which conducts its business on the basis of receipts in coin, should, for that reason, pay a less tax or duty than one which receives its compensation in legal tender currency; and the law should not be construed to work such inequality, unless its terms plainly require it. I fully agree that laws imposing onerous burthens are, in cases of doubt, to be construed favorably to the citizen; but this rule of construction is not to be carried to the extent of defeating the ends of the law, or of working injustice among the citizens, in their relations to each other. This should not be allowed, unless the imperfection in the law is such as plainly to work these results.

In regard to any suggestion of hardship to the plaintiffs, in increasing their burthen, it is pertinent to say, first, that it only makes their tax the same as that of other companies whose dealings are exclusively in legal tender currency; and, second, that they are authorized to charge the tax to their customers; and, it might be added, that, as to money received from passengers, it is no violent presumption to say that they have done so, and, in that aspect, they are merely government agents, or collectors, now objecting to paying over the amounts collected.

The defendant must have judgment, with costs.